UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER JONES, Jr.

    Petitioner,                                Civil No. 2:07-CV-10139
                                                      HONORABLE DENISE PAGE HOOD
v.                                                         UNITED STATES DISTRICT JUDGE

JAN E. TROMBLEY,

    Respondent,
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Walter Jones, Jr., ("petitioner"), presently confined at the Saginaw Correctional Facility in Freeland, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his sentence on one count of first-degree home invasion, MICH. COMP. LAWS § 750.110a(2); one count of assault with intent to commit criminal sexual conduct, MICH. COMP. LAWS § 750.520g(1); and being a third felony habitual offender, MICH. COMP. LAWS § 769.11. For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DISMISSED.**

### I. Background

Petitioner pleaded no contest to the above charges in the Muskegon County Circuit Court as part of a sentencing agreement made with the trial court pursuant to *People v. Cobbs*, 443 Mich. 276 (1993), in which the trial court judge agreed that petitioner's minimum sentence would not exceed seventeen years. On February 7, 2005, petitioner was sentenced to seventeen to forty years in prison. Petitioner's conviction was affirmed on appeal. *People v. Jones,* No. 267328 (Mich.Ct.App. February 1, 2006); *lv. den.* 475 Mich. 887; 715 N.W. 2d 901 (2006).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I.  Petitioner's constitutional rights were violated when the sentencing court increased the statutory guidelines range based on facts OV 7 and OV 10 that were neither found beyond a reasonable doubt by the jury nor admitted by petitioner.

II. Petitioner is entitled to resentencing because the trial court erred in scoring points for OV 7, as this crime was not excessively brutal.

III. Petitioner must be resentenced where the trial court engaged in impermissible double counting.  Allowing the scoring of points under both OV 7, and OV 3.

IV. The trial court erred in assessing petitioner 10 points for OV 10, when the victim vulnerability was unsupported by the facts of this case.

## II. Discussion

The Court will discuss all four of petitioner's claims together because they are interrelated.

Petitioner contends that the trial court incorrectly scored several of the offense variables of the Michigan Sentencing Guidelines.  Petitioner further alleges that the trial court used facts which had not been proven beyond a reasonable doubt before a jury as a basis for scoring his sentencing guidelines range.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).  Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face.  *Id.*(citing *McFarland v. Scott,* 512 U.S. 849, 856 (1994)).  A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  After undertaking the review required by Rule 4, this

2

Court concludes that petitioner's habeas claims are meritless, such that the petition must be summarily denied. *See* Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254*; See also Robinson v. Jackson,* 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

Petitioner's sentence of seventeen to forty years was within the statutory limit under Michigan law for the crimes of first-degree home invasion, assault with intent to commit criminal sexual conduct, and being a third felony habitual offender. A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000). Claims which arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne,* 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001).

Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is essentially a state law claim. *See McPhail v. Renico,* 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006)(citing *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)("federal habeas corpus relief does not lie for errors of state law.")); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001); *Cook,* 56 F. Supp. 2d at 797. As this Court has previously noted, "Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." *Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005); *See also Lovely v. Jackson,* 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004). Petitioner's claim that

3

several of the offense variables of the Michigan Sentencing Guidelines were incorrectly scored fails to state a claim upon which habeas relief can be granted. *Shanks,* 387 F. Supp. 2d at 752*; Cook,* 56 F. Supp. 2d at 797. "In short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating his guideline score or in departing above his sentencing guidelines range alone would not merit habeas relief. *Id.*

Petitioner, however, also contends that the trial court judge violated his Sixth Amendment right to a trial by jury by using factors to score his sentencing guidelines which had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by petitioner.

In support of his claim, petitioner relies on the case of *Blakely v. Washington,* 542 U.S. 296 (2004)*,* in which the U.S. Supreme Court held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 301 (*citing Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

The problem with petitioner's reliance on *Blakely* is that *Blakely* involved a trial court's departure from the State of Washington's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The maximum sentence is not determined by the trial judge but is set by law. See *People v. Drohan,* 475 Mich. 140, 160-61; 715 N.W. 2d 778 (2006); *People v. Claypool,* 470 Mich. 715, 730, n. 14; 684 N.W. 2d 278 (2004)(both citing MICH. COMP. LAWS § 769.8). "Michigan's sentencing guidelines, unlike the Washington guidelines at issue in *Blakely*, create a range within which the trial court must set the minimum sentence." *Drohan,* 475 Mich. at 161.

4

Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock,* 469 Mich. 247, 255-56, n. 7; 666 N.W. 2d 231 (2003)(citing MICH. COMP. LAWS § 769.34(2)).  Under Michigan law, the trial judge sets the minimum sentence, but can never exceed the maximum sentence. *Claypool,* 470 Mich. at 730, n. 14. As such, Michigan's indeterminate sentencing scheme is unaffected by the U.S. Supreme Court's holding in *Blakely. Drohan,* 475 Mich. at 164.

The decision in *Blakely v. Washington*, has no application to petitioner's sentence. Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *See Blakely*, 542 U.S. at 304-05, 308-09.  Because *Apprendi* and *Blakely* do not apply to indeterminate sentencing schemes like the one used in Michigan, the trial court's calculation of petitioner's sentencing guidelines range did not violate Petitioner's Sixth Amendment rights. See *Mays v. Trombley,* 2006 WL 3104656, * 3 (E.D. Mich. October 31, 2006); *Worley v. Palmer,* 2006 WL 2347615, * 2 (E.D. Mich. August 11, 2006); *Toothman v. Davis,* 2006 WL 2190515, * 2 (E.D. Mich. August 1, 2006)*; George v. Burt,* 2006 WL 156396, * 5 (E.D. Mich. January 20, 2006).

Finally, petitioner claims that the trial court violated the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution by double counting points for the same conduct under OV 7 of the Michigan Sentencing Guidelines that had already been used to assess points under OV 3.

The Supreme Court has held that double jeopardy protections are inapplicable to sentencing proceedings "because the determinations at issue do not place a defendant in jeopardy for an offense . . . ." *Monge v. California*, 524 U.S. 721, 728 (1998)(internal quotation omitted).  The Supreme Court has recognized a narrow exception to this general rule in the context of capital sentencing

5

proceedings,[1] but has declined to extend this exception to non-capital sentencing proceedings. *Monge*, 524 U.S. at 734. The scoring of the Michigan Sentencing Guidelines therefore does not implicate double jeopardy issues and petitioner would therefore not be entitled to habeas relief on this claim. *Fisher v. Booker,* 2006 U.S. Dist. LEXIS 59120, *22 (E.D. Mich. August 22, 2006)(citing *People v. Gibson*, 219 Mich. App. 530, 535; 557 N.W.2d 141 (1996)).

### III. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus [**Docket No. 1, filed January 9, 2007**] is **DISMISSED WITH PREJUDICE.**

/s/ Denise Page Hood
**DENISE PAGE HOOD**
UNITED STATES DISTRICT COURT

DATED: January 31, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 31, 2007, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager

---

[1] *See Bullington v. Missouri*, 451 U.S. 430, 439 (1981)